IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VERNICE COLE, <br><br> Plaintiff, <br><br> v. <br><br> THE COLLECTION APARTMENTS; KRISTEN MCNEAL; REGINAL MALCOM; REALPAGE, INC.; and STEVE WINN, <br><br> Defendants. | CIVIL ACTION NO. 1:19-cv-02987 |

**REALPAGE, INC'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

RealPage, Inc. ("RealPage"), by counsel, hereby moves to dismiss Plaintiff Vernice Cole's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). In support of its motion, RealPage states as follows:

**I.     Introduction**

Plaintiff's half-page Complaint is nearly incomprehensible. She purports to bring a lawsuit against five separate defendants, including RealPage. She lists claims for fraud, defamation, violation of the Fair Credit Reporting Act ("FCRA"), an unspecified "civil violation," and housing discrimination. The Complaint,

however, does not contain any specific factual allegations relating to Defendant RealPage.

RealPage is a tenant screening company that provides potential landlords with software to request and create background screening reports on housing applicants. These reports include information such as an applicant's credit history, where applicable. Though not clear from the Complaint, Plaintiff may be alleging that RealPage reported false credit information to co-defendant the Collections Apartments, a housing development located in Georgia.

The Court should dismiss Plaintiff's claims against RealPage for two reasons. First, this Court lacks personal jurisdiction over RealPage. RealPage is not a citizen of Georgia, and Plaintiff does not allege that RealPage committed any specific conduct in the state. Second, Plaintiff's Complaint is an impermissible "shotgun" complaint in which Plaintiff does not allege specific facts supporting her claims and does not identify the defendant each of her claims are alleged against. This type of pleading is not permitted in the Eleventh Circuit and is grounds for dismissal.

## II. Relevant Facts

On May 8, 2019, Plaintiff filed a complaint against five separate defendants: the Collection Apartments, Kristen McNeal, Reginal Malcolm, RealPage, and

Steve Winn.  The Complaint does not contain any allegations that specifically identify conduct RealPage committed.  The Complaint purports to allege causes of action for "False Reporting (Improper screening report) Fraud, False Light (Defamation), Civil Violation, Housing Discrimination, and Violating FCRA." Compl., p. 1.  However, Plaintiff does not identify which causes of action are brought against which defendant(s).  Further, the Complaint contains only one sentence of factual allegations that reads: "Failed to research or verify before reporting false, defamatory, maligning, malic discriminating information." Compl., p. 1.  Given the dearth of any factual allegations against RealPage, the Court must dismiss the Complaint at the pleadings stage.

### III.  Standard of Review

A motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  To state a claim with sufficient specificity requires that the complaint have enough factual matter, which when taken as true,

demonstrates the required elements of the claim. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007); *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

## IV. <u>Legal Argument and Authority</u>

The Court should dismiss Plaintiff's Complaint against RealPage because (1) the Court lacks personal jurisdiction over RealPage and (2) the Complaint fails to state a plausible claim.

### A. <u>The Court Lacks Personal Jurisdiction Over RealPage</u>

Plaintiff bears the "burden of establishing a prima facie case of personal jurisdiction." *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006). To determine if personal jurisdiction is present, the Court must engage in a two-part inquiry. *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1265 (11th Cir. 1998). "The First step involves determining whether the forum state's long-arm statute provides a basis for jurisdiction." *Id.* If the long-arm statute provides a basis for jurisdiction, the Court must then "determine whether there are sufficient minimum contacts between the forum state and the defendants to satisfy the Fourteenth Amendment Due Process Clause's notions of fair play and substantial justice." *Id.*

### 1. The Georgia Long-Arm Statute Does Not Provide a Basis for Personal Jurisdiction Over RealPage

Under Georgia's long-arm statute, a court may exercise personal jurisdiction over any non-resident if the non-resident (1) transacts any business in Georgia; (2) commits a tortious act or omission within Georgia, except defamation; or (3) commits a tortious injury in Georgia caused by an act or omission outside the state if the non-resident solicits business in-state. *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1265 (11th Cir. 1998). With respect to corporate defendants, "long-arm jurisdiction in George expressly depends on the actual transaction of business – the doing of some act or consummation of some transaction – by the defendant in the state." *Diamond Crystal,* 1260.

The Complaint does not allege that RealPage transacted business, committed a tortious act or omission, or committed a tortious injury *in Georgia*. Even if Plaintiff were to allege that RealPage purportedly sent inaccurate credit information to a housing complex in Georgia – which she has not actually alleged – that is insufficient. The Eleventh Circuit has held that the mere transmission of credit information into the state of Georgia does not satisfy the requirements of Georgia's long-arm statute. *See Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1266 (11th Cir. 1998). In *Lockard,* the plaintiff argued that the delivery of credit information by mail to the state of Georgia was sufficient to establish personal

jurisdiction existed over Southern Credit, an out-of-state defendant. *Id.* 1265. The Court rejected Plaintiff's argument and found that Southern Credit "did not solicit or transact business in Georgia and did not commit a tortious act in Georgia" merely by sending credit information into the state. The same is true here. Because Plaintiff cannot demonstrate that jurisdiction is proper under Georgia's long-arm statute, Plaintiff has not satisfied her initial burden of establishing a *prima facie* case of personal jurisdiction over RealPage. *Stubbs,* 447 F.3d at 1360.

Because Plaintiff's Complaint does not establish that the requirements of Georgia's long-arm statute have been met for RealPage, the Court need not address whether the exercise of jurisdiction would be proper under the Due Process Clause. *See LabMD v. Tiversa, Inc.*, 509 F. App'x 842, 846 (11th Cir.2013); *Henriquez v. El Pais Q'Hubocali.com*, 500 F. App'x 824, 829 (11th Cir.2012); *Diamond Crystal,* 593 F.3d at 1263 (holding that the long-arm analysis "is independent of and distinct from, the constitutional analysis" and "that both, separate prongs of the jurisdictional inquiry [must be] satisfied"). Instead, the Court should dismiss Plaintiff's claims against RealPage for lack of personal jurisdiction on these grounds alone.

### 2. The Exercise of Personal Jurisdiction in Georgia Would Be Inconsistent With Established Principles of Due Process

If the Court were to continue with the analysis, it should also conclude that there is no Constitutional basis for personal jurisdiction over RealPage. RealPage is not subject to either general personal jurisdiction or specific personal jurisdiction in this Court.

#### a. *The Court has no general jurisdiction over RealPage.*

In most cases, general personal jurisdiction over a corporation only exists in the forum(s) of the "corporation's place of incorporation and its principal place of business." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017). The Complaint contains no allegations that would support general jurisdiction over RealPage. Nor is it possible for Plaintiff to make such allegations. RealPage is incorporated in Delaware and has a principal place of business in Richardson, Texas. *See* Thornthwaite Decl., ¶¶ 3-4, attached as **Exhibit A**.

#### b. *The Court lacks specific jurisdiction over RealPage.*

With no claim of general jurisdiction possible, the inquiry shifts to specific jurisdiction. "Specific or case-linked jurisdiction depends on an affiliatio[n] between the forum and the underlying controversy (i.e., an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation)." *Walden v. Fiore*, 571 U.S. 277, 284 n. 6 (2014) (quotations and

citations omitted). "Specific jurisdiction is present when the defendant's contacts with the forum state 'satisfy three criteria: they must be related to the plaintiff's cause of action or have given rise to it; they must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum; and they must be such that the defendant should reasonably anticipate being haled into court there.' " *Webster Chalk Paint Powder, LLC*, 2014 WL 4093669, at *4 (quoting *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007)).

Plaintiff's Complaint contains no such allegations. Plaintiff does not specify any wrongful conduct committed by RealPage, nor does Plaintiff specifically allege that the conduct occurred in Georgia. Without such allegations, Plaintiff fails to establish a prima facie case that the Court can exercise personal jurisdiction over RealPage under the Due Process Clause. *See Henry v. Norcross*, No. 1:16-CV-3008-ELR-JSA, 2016 WL 9558939, at *5 (N.D. Ga. Nov. 14, 2016), report and recommendation adopted, No. 1:16-CV-3008-ELR, 2017 WL 3836125 (N.D. Ga. Jan. 5, 2017) (dismissing claims for lack of personal jurisdiction where a plaintiff failed to assert that the individual defendants actually had contact with Georgia in some form). Because the Court has neither general nor specific

jurisdiction over RealPage, the Court should dismiss the claims against RealPage pursuant to Fed. R. Civ. P. 12(b)(2).

### B. Plaintiff's Complaint Fails to State A Claim For Relief

Even if the Court had personal jurisdiction over RealPage, the Court should still dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) because it fails to state a plausible claim for relief.

#### 1. The Complaint is an Improper "Shotgun Pleading"

The Court should dismiss Plaintiff's Complaint because group pleading, otherwise known as a "shotgun" pleading, is prohibited in the Eleventh Circuit. A shotgun pleading is defined by "the failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading." *Beckwith v. Bellsouth Telecomms., Inc.*, 146 Fed.Appx. 368, 371 (11th Cir. 2005) (unpublished); *see also Sledge v. Goodyear Dunlop Tires N. Am., Ltd.*, 275 F.3d 1014, 1018 n.8 (11th Cir. 2001). Shotgun pleadings typically "contain several counts, each one incorporating by reference the allegations of its predecessors." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellog Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). Shotgun pleadings also characteristically fail to specify which defendant is responsible for each act alleged. *Beckwith*, 146 Fed.Appx. at 372 ("It is virtually impossible to ascertain what factual allegations correspond with each claim and

which claim is directed at which defendant."). The Eleventh Circuit has "roundly, repeatedly, and consistently condemn[ed]" shotgun pleadings because such pleadings "wreak havoc on the judicial system." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008); *Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th Cir. 2001).

Plaintiff's half-page Complaint clearly qualifies as a shotgun pleading. Plaintiff lumps together all defendants and simply lists the causes of action she purports to allege. *See* Compl., p. 1 ("False Reporting (improper screening report) Fraud, False Light (Defamation), Civil Violation, Housing Discrimination and Violating FCRA."). The only factual allegations supporting Plaintiff's claims are that one of the unspecified defendants "[f]ailed to research or verify before reporting false, defamatory, maligning, malice discriminating information." *Id.* Due to the largely incomprehensible nature of Plaintiff's pleading, RealPage is unable to discern the factual basis of her claims, the specific nature of those claims, or the defendant against whom each claim is brought. This Court routinely dismisses shotgun pleadings where the Court is unable to discern the factual basis of any of Plaintiff's claims. *See e.g. Henry v. Norcross*, No. 1:16-CV-3008-ELR-JSA, 2016 WL 9558939, at *9–10 (N.D. Ga. Nov. 14, 2016), report and recommendation adopted, No. 1:16-CV-3008-ELR, 2017 WL 3836125 (N.D. Ga.

Jan. 5, 2017) (dismissing complaint with prejudice for failure to state a claim); *Nezbeda v. Liberty Mut. Ins. Corp. (LIC)*, 306 F. Supp. 3d 1335, 1345 (N.D. Ga. 2017) (same); *Bynum v. Resienburg,* No. 1:18-CV-595-MHC, 2018 WL 6163179, at *4 (N.D. Ga. Feb. 12, 2018) (finding that though pro se litigants are entitled to a less stringent pleading standard, they must still "comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure").

Consistent with these decisions, the Court should dismiss Plaintiff's impermissible shotgun pleading.

### 2. Plaintiff Does Not State a Valid Claim Under FCRA

As explained above, Plaintiff provides no factual support for her FCRA claim. The only allegations relating to a potential FCRA claim is that an unidentified defendant "failed to research or verify before reporting false…information." Compl., p. 1. These allegations do not state a valid claim under the FCRA.

The FCRA provides a private right of action against consumer reporting agencies ("CRA"); however, the FCRA does not make CRAs strictly liable for all inaccuracies in the reports they prepare. *Smith v. E-Backgroundchecks.com, Inc.*, 81 F. Supp. 3d 1342, 1356 (N.D. Ga. 2015); *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991); *Jackson v. Equifax Info. Servs., LLC*,

167 F. App'x 144, 146 (11th Cir. 2006).  Further, the FCRA does not require a CRA to "research and verify" information before reporting it.  Instead, a duty to investigate the accuracy of information only arises when a consumer disputes inaccurate information included on a report.  *See* 15 U.S.C. § 1681i(a)(1)(A) ("[I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency ***is disputed by the consumer and the consumer notifies the agency directly***… of such dispute…the agency shall…conduct a reasonable investigation to determine" the accuracy of the information" (emphasis added).  Plaintiff does not contend that she notified RealPage of any alleged inaccuracy on her report.  Accordingly, she never triggered any alleged duty to conduct an investigation.

Even if Plaintiff's vague allegations were accepted as true, the Complaint still does not state a valid claim under the FCRA.  This provides an independent ground to dismiss the Complaint.

### 3. Plaintiff's Defamation Claim Is Preempted by the FCRA

The Complaint does not contain any specific allegations relating to defamation.  Nonetheless, to the extent the Court construes Plaintiff's use of the word "defamatory" or "defamation" as a defamation claim, the Court should dismiss that claim as well.

RealPage assumes Plaintiff's basis for any defamation claim is the alleged inaccuracy she claims existed in her background screening report. Courts in Georgia, however, have made clear that the FCRA preempts defamation arising out of allegedly false credit reports. *See Morrison v. Ocwen Loan Servicing, LLC*, No. 1:18-CV-01707-AT-LTW, 2019 WL 1225181, at *8 (N.D. Ga. Jan. 15, 2019) ("[U]nder the well-reasoned interpretation of the FCRA currently prevailing in the Northern District of Georgia, Plaintiff's claim for defamation…is preempted under 15 U.S.C. § 1681t(b)(1)(F)."); *Sadler v. Nationstar Mortg., LLC*, No. 1:14-CV-01489 LMM-JCF, 2015 WL 11242005, at *4 (N.D. Ga. May 13, 2015) (holding that a defamation claim brought against a mortgage servicer for credit reporting was preempted); *Spencer v. Nat'l City Mortg.*, 831 F. Supp.2d 1353, 1361-63, 1365 (N.D. Ga. 2011) (dismissing defamation claim as preempted by the FCRA). Because the only plausible basis for Plaintiff's defamation claim is allegedly false credit reporting, and any such claim is preempted by the FCRA, the Court should dismiss Plaintiff's claim for defamation.

### 4. Plaintiff Does Not Satisfy the Pleading Requirements for Fraud

Plaintiff's Complaint also uses the word "fraud." To the extent Plaintiff intends to assert a fraud claim, that claim is also ripe for dismissal. Plaintiff

alleges no facts supporting a fraud claim and fails to specify which defendant committed fraud. Plaintiff's fraud claim should be dismissed because she fails to satisfy the heighted pleading requirements for such a claim.

To adequately state a claim for fraud under Georgia law, a plaintiff must allege: (1) a false representation by defendant; (2) scienter; (3) intent to induce the plaintiff to act or refrain from acting; (4) justifiable reliance by the plaintiff; and (5) damage to the plaintiff." *Smith-Tyler v. Bank of Am., N.A.*, 992 F. Supp. 2d 1277, 1282 (N.D. Ga. 2014). When alleging fraud, "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To meet this standard, a plaintiff must precisely identify facts such as the statement made, who made the statement, the time and place the statement occurred, and the manner in which the statement was made. *Crespo v. Coldwell Banker Mortg.*, 599 F. App'x 868, 873 (11th Cir. 2014) (quoting *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1371 (11th Cir. 1997)).

Plaintiff's Complaint falls woefully short of these stringent pleading requirements. Plaintiff fails to identify any specific fraudulent statement made by RealPage. Plaintiff makes no attempt to identify the precise statements made, who specifically made the statements, or the time and place such statements were made. Plaintiff does not contend that she justifiably relied upon or has been damaged by

the fraudulent statement.  Plaintiff does not even specify which defendant made the purported false statement.  In short, Plaintiff has not established one element of a fraud claim, much less all the required elements.  For this reason, the claim should be dismissed with prejudice.

### 5. Plaintiff's Claims For "Housing Discrimination" and "Civil Violation" Are Incomprehensible

Plaintiff's final claims purport to be for "Housing Discrimination" and an unspecified "Civil Violation."  The Complaint contains no factual allegations that could support these claims.  RealPage is a tenant screening company that provides potential landlords with a license to use its software to request and create background screening reports.  The Complaint contains no plausible facts or theory under which RealPage could be liable for housing discrimination.  Given that Plaintiff does not even identify the statutes upon which these final two claims are based, they must be dismissed as impermissible vague. *Beckwith*, 146 Fed.Appx. at 372.

## V. Conclusion

For the foregoing reasons, RealPage respectfully requests that the Court: (1) grant its Motion to Dismiss; (2) dismiss Plaintiff's Complaint as to RealPage

with prejudice; and (3) grant RealPage any further relief that the Court may deem appropriate.

Dated: July 5, 2019

By: */s/ Alexander S. King*
Alexander S. King
Georgia Bar No. 590607
TROUTMAN SANDERS LLP
3000 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, GA 30308-2216
Telephone: 404-885-3000
Facsimile: 404-885-3900
E-mail: alexander.king@troutman.com
Counsel for Defendant RealPage, Inc.

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing document has been prepared in 14-point Times New Roman font in accordance with Local Rule 5.1(C).

This 5th day of July 2019.

>                       */s/ Alexander S. King*
>                       Alexander S. King
>                       Georgia Bar No. 590607