# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

Vernice Cole,

                    Plaintiff,      Case No. 1:19-cv-02987

v.                              Michael L. Brown
                                   United States District Judge

The Collection Apartments, et al.,

                    Defendants.

_____/

## ORDER

Plaintiff Vernice Cole claims an apartment community denied her an apartment in violation of federal law.  (Dkt. 1-1.)  The Magistrate Judge recommends dismissing her complaint.  (Dkt. 14.)  The Court adopts the Magistrate Judge's Report and Recommendation ("R&R") and dismisses this case.

Plaintiff sued in the Superior Court of Gwinnett County in May 2019.  (Dkt. 1-1.)  Her complaint stated that she was unfairly denied an apartment lease in an apartment community for which she applied.  (*Id.* at 2.)  Her complaint stated in its entirety:

Plaintiff Claims the Defendant (s) IS INDEBTED TO PLAINTIFF(S) AS FOLLOWS:

False Reporting (Improper screening report) Fraud, False Light (Defamation), Civil Violation, Housing Discrimination and Violating FCRA

Failed to research or verify before reporting false, defamatory, maligning, malice discriminating information.

Falsely Branded and Denied Housing

That Said is in the amount $104.00 (application Fee) Statutory damages in amount of rent 12 month tern lease ($1225.00 per month as stated in offer) total $14,700.00. All monies paid court fees and punitive damages $100,000.00.

May God's Will Be Done and so it is … Amen

(Dkt. 1-1 at 2.)  Defendants removed the case to federal court.  (Dkt. 1.)

Plaintiff moved to remand, but the Magistrate Judge denied that motion.

(Dkts. 7; 13.)

The Magistrate Judge then ruled that Plaintiff's complaint was a

shotgun pleading that failed to state a plausible claim of relief.  (*Id.* at 6

(citing *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323

(11th Cir. 2015).)  Because Plaintiff is a pro se litigant, the Court gave

her an opportunity to amend the complaint.  (Dkt. 13 at 8.)  The

Magistrate Judge gave her specific instructions on how to amend the

complaint and instructed Plaintiff to amend it by September 10, 2019.

(*Id.* at 8–9.)  He warned Plaintiff that the amended complaint must provide more "than labels and conclusions" and a "formulaic recitation of the elements of a cause of action will not do." (*Id.* at 8 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).)  The Magistrate Judge warned Plaintiff that the failure to file an amended complaint per his instructions by that date would result in his recommendation that the case be dismissed.  (*Id.* at 10.)

Plaintiff filed her amended complaint on September 11, 2019.  (Dkt. 16.)  The Court dismisses her case for untimeliness.  Even if the Court were to consider her amended complaint, the Court would dismiss it because she did not follow the Magistrate Judge's instructions.  The amended complaint simply lists charges and damages. (*Id.*)  It does not apprise Defendants of the alleged charges against them.  The Court adopts the Magistrate Judge's recommendation to dismiss this case.

Plaintiff also filed second and third amended complaints.  Because Plaintiff did not follow the Magistrate Judge's instructions as to the first amended complaint, the Court does not consider Plaintiff's second and third amended complaints.  Even if the Court did consider those

pleadings, neither of those pleadings follows the Magistrate Judge's instructions.

The Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. 14) and **DISMISSES** this case for Plaintiff's failure to state a claim.  The Court **DENIES AS MOOT** all other pending motions.  (Dkts. 3; 6; 20; 22; 23; 24.)

**SO ORDERED** this 27th day of December, 2019.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE